UNITED STATES of America,

v.

Juanita SANCHEZ a/k/a Aida Rodriguez a/k/a Momma

Juanita Sanchez, Appellant.

No. 01–4528.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Oct. 18, 2002.

Decided Oct. 29, 2002.

Before ROTH and GREENBERG, Circuit Judges, and WARD, District Judge.[*]

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on an appeal from an order entered in the district court on December 26, 2001, revoking the term of supervised release previously imposed on appellant Juanita Sanchez and imposing a custodial term of 37 months in accordance with the district court's memorandum opinion dated December 20, 2001. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C.

_____

[*] Honorable Robert J. Ward, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

§ 1291 and exercise plenary review. *See United States v. Barbosa,* 271 F.3d 438, 452 (3d Cir.2001).

The circumstances leading to this appeal are as follows. A grand jury indicted Sanchez in 1995 for three counts of distribution of heroin on three different days in the amounts of 48 grams, 30 grams, and 36 grams, respectively, and on one count of distributing 151 grams of cocaine base. Pursuant to a plea agreement Sanchez pleaded guilty to all four counts. The plea agreement stated the amount of the drugs involved and set forth, as particularly germane here, that "Count Four charges [Sanchez] with distributing approximately 151 grams of cocaine base, in violation of Title 21, United States Code Section 841(a)(1)." The plea agreement stated with respect to the cocaine count which it indicated "charges distribution of approximately 151 grams of cocaine base" that the court could impose "a mandatory minimum term of imprisonment of 10 years, a maximum term of life imprisonment, a fine of $4,000,000, five years supervised release, and a $50 special assessment." At the time that Sanchez pleaded guilty the prosecutor stated, *inter alia,* that on December 1, 1994, Sanchez sold a "bag of crack contain[ing] a hundred fifty-one grams of crack." The court immediately asked Sanchez "do you agree with the prosecutor's summary of what you did?" to which Sanchez responded "Yes."

Notwithstanding the mandatory minimum sentence the government moved for a downward departure from the guidelines pursuant to U.S.S.G. § 5K1.1 and from the statutory mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e). The district court granted the motion and sentenced Sanchez to a 60–month custodial term to be followed by a five-year term of supervised release. Sanchez did not appeal from the conviction or the sentence and she never has moved to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 or otherwise directly or collaterally attacked the sentence.

Subsequently, after Sanchez served her custodial term, she began serving her term of supervised release but promptly violated its terms by committing various drug offenses to which she pleaded guilty in the Philadelphia Common Pleas Court leading that court to impose custodial terms on her. The United States Probation Office accordingly petitioned in the district court to revoke her supervised release. At a hearing on this petition, Sanchez stipulated to the violation but argued that the court could not impose a custodial term of more than two years because the quantity of the drugs involved in the original offenses had not been established beyond a reasonable doubt. In this regard, she contended that when she pleaded guilty she had not been advised in accordance with the later opinion in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that in her attorney's words stated to the district court, the quantity of drugs involved "had to be pleaded and proved beyond a reasonable doubt at the time she was convicted, and she pleaded guilty." App. at 56. Sanchez's argument was that inasmuch as the quantity of cocaine base had not been established she had been convicted of a class C felony subject to the penalty in 21 U.S.C. § 841(b)(1)(C) rather than a class A felony subject to the penalty in 21 U.S.C. § 841(b)(1)(A). The distinction was critical because even though the custodial term to which she had been sentenced, *i.e.,* 60 months, was authorized for a class C felony and had been served, a term of imprisonment imposed for violation of a condition of supervised release for a class C felony is limited to two years. 18 U.S.C. § 3583(e)(3). The district court did not accept her argument as it held that she had pleaded guilty to a class A felony and

776

it imposed a 37–month term, a sentence authorized by 18 U.S.C. § 3583(e)(3) for a class A felony. Sanchez then appealed.

Sanchez repeats her contentions on this appeal. The government answers that Sanchez in fact pleaded guilty to a class A felony and admitted to the quantities involved, thus waiving her right to have a jury make that determination. It also argues that she never sought to have her sentence vacated or set aside under 28 U.S.C. § 2255 and cannot use these proceedings for that purpose. Finally it argues that, in any event, *Apprendi* is inapplicable here as it "does not apply retroactively to cases on collateral review." Br. of appellee at 8.

We will affirm. There can be no doubt that Sanchez pleaded guilty to a class A felony as she pleaded guilty to the distribution of 151 grams of cocaine base and, indeed, acknowledged that the quantity involved was 151 grams. *See* 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 3559. Furthermore, the plea agreement provided that she was pleading guilty to an offense carrying a term of life imprisonment, a sentence authorized for a class A but not a class C felony under 21 U.S.C. § 841(b). Thus, the 37–month custodial term was completely proper. In the circumstances we have no need to consider the government's other arguments.

The order of December 26, 2001, will be affirmed.